IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM J. HUBER | : | |
| | : | |
| v. | : | CIVIL NO. CCB-05-491 |
| | : | |
| MAXIM HEALTHCARE SERVICES, INC. | : | |

...o0o...

**MEMORANDUM**

The defendant has filed a Motion for Reconsideration of the court's June 23, 2005 order in which I granted plaintiff additional time beyond the 120 days prescribed in Rule 4(m) to serve the complaint in this case. The motion shall be granted.

The applicable law as I see it is stated in *Hammad v. Tate*, 31 F.Supp.2d 524 (D.Md. 1999). The facts of this case as fully explicated through the defendant's motion do not establish good cause; assuming I had discretion nonetheless to grant an extension, I did so without full knowledge of the circumstances. Most significantly, it appears that prior to filing the Motion for Extension, plaintiff's counsel had received and reviewed a May 3, 2005 notice from CSC advising him they were not the registered agent for the defendant he was attempting to serve. CSC sent a second notice dated June 6, 2005, which counsel admits was received at his office but not seen by him at that time.

Counsel's initial mistake might have been justified in part by the defendant's confusing State Department of Assessments and Taxation ("SDAT") filing.[1] Nonetheless, the two notices

---

[1] The SDAT record for Maxim Healthcare Services lists its address as 6994 Columbia Gateway Drive, Columbia, MD 21046, whereas the company's own website prominently displays its address as 7080 Samuel Morse Drive, Columbia, MD 21046. *See* Maxim Healthcare Services, "Contact Us," *at* http://www.maxhealth.com/contact/index.asp. Likewise, the SDAT record for Maxim Health Systems LLC lists its address as 7080 Samuel Morse Drive, whereas a

1

that he received from CSC should have led him to make the appropriate inquiries to clarify where to direct service of process. Given counsel's failure to advise the court in his initial Motion either that he had received the May 3, 2005 notice, or that a second notice was received in his office within the 120-day period but not acted on, I do not believe it would be an appropriate exercise of discretion to extend the 120-day period for service of the complaint. *Cf. Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F.Supp.2d 432, 439 (D.Md. 2001).

Accordingly, the defendant's Motion for Reconsideration will be granted by separate Order.

    March 3, 2006                                                                        /s/
         Date                                                              Catherine C. Blake
                                                                         United States District Judge

---

September 2005 company press release displays its address as 6994 Columbia Gateway Drive. *See* Press Release, Maxim Health Systems, First Phase of Flu Clinics From Maxim Health Systems to Serve High-Risk Individuals (Sept. 14, 2005), *available at* http://www.findaflushot.com/news.php. Given that Mr. Huber himself listed his employer's address as 7080 Samuel Morse Drive on the EEOC form (Compl., Ex. 1.), it seems likely that this is the proper address for Maxim Healthcare Services, whereas its MDAT listing is erroneous. On the other hand, the SDAT filing for Maxim Healthcare Services, Inc. clearly identifies Robert Snyder as its resident agent, not CSC.